**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAHJAIR AMIK COOPER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5558** |
| | : | |
| **TROOPER EDWARD ZEMA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.** **OCTOBER 5, 2026**

Plaintiff Nahjair Amik Cooper, a pretrial detainee currently confined at Lancaster County Prison, brings this *pro se* civil action alleging that his rights secured by the Eighth Amendment to the United States Constitution were violated because he was assessed excessive bail in the Lancaster County Court of Common Pleas. Named as Defendants are an unidentified Lancaster County Court Clerk, Assistant District Attorney Kyle Linardo, Pennsylvania State Trooper Edward Zema, and Judge Dennis E. Reinaker. The Court will grant Cooper's application to proceed *in forma pauperis* and will screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained below, the Complaint will be dismissed.

## I. FACTUAL ALLEGATIONS[1]

A review of the publicly available state court docket system reveals that a criminal complaint was filed on March 31, 2026, in the Lancaster County Court of Common Pleas

---

[1] The facts set forth in this Memorandum are taken from Cooper's Complaint, which is comprised of the court's standard form for use by prisoners asserting civil rights claims, a handwritten supplement, a copy of a motion filed in the underlying state court case, and an excerpt from the state court docket (ECF No. 3 ("Compl.")). The Court adopts the pagination assigned to the filings in this matter by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary. The Court also includes in this Memorandum facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

charging Cooper with firearms and drug charges, a traffic violation, as well as evading arrest. *See Commonwealth v. Cooper*, MJ-02302-CR-0000168-2026 (M.J. Lancaster); CP-36-CR-0002604-2026 (C.P. Lancaster). He is currently awaiting trial.

Cooper asserts a claim under 42 U.S.C. § 1983 that Defendants conspired to violate his rights by increasing his bail assessment from $100,000 to $500,000. (*See* Compl. at 3-5.) In support of his allegations, Cooper attached to the Complaint a copy of the Commonwealth's Motion to Modify Bail, dated June 1, 2026 (the "Motion") that was filed in the state court case. (*See id.* at 16-20.) Cooper alleges as follows: according to the Motion, "'on March 24, 2026, Trooper Edward Zema . . . stopped Nahjair Amik Cooper,' in which, allegedly Cooper 'fled from that stop on foot and was not located,' explained by Assistant District Attorney Kyle Edward Linardo, by and through District Attorney Heathe Lynn Adams." (*Id.* at 10 (citing Mot. at ¶¶ 1-2).) An arrest warrant was issued on March 31, 2026, and Cooper was arrested in May 2026. (*Id.* (citing Mot. at ¶¶ 4-5).) "Allegedly, during the May 2026 arrest, Cooper 'again fled.'"[2] (*Id.* (citing Mot. at ¶ 6).) Cooper was remanded to a state correctional institution on a parole violation detainer. (*Id.* (citing Mot. at ¶ 7).) On June 1, 2026, "MDJ Commins" set bail at $100,000. (*Id.* (citing Mot. at ¶ 8).) Cooper alleges that "out of fear, ADA Linardo . . . [stated in the Motion that] 'Trooper Zema believes [Cooper] will soon complete his maximum sentence on the parole violation [that is] keeping him detained" at the state correctional facility. (*Id.* (citing

[2] The Commonwealth's Motion to Modify Bail states that Cooper "was located by the Pennsylvania State Police Fugitive Task Force in May 2026" and "[w]hen the Pennsylvania State Police Fugitive Task Force attempted to apprehend [Cooper], [Cooper] again fled and needed to be removed from a rooftop in the City of Philadelphia with the assistance of the Fire Department." (*See* Compl. at 17, ¶¶ 5, 6.) The Motion also states that the "Commonwealth, through Trooper Zema, believes [Cooper] will soon complete his maximum sentence on the Parole Violation" and that "[g]iven [Cooper's] behavior, namely running from police officers attempting to apprehend him, the Commonwealth has no faith that [Cooper] will appear for further Court proceedings once released." (*Id.* at 17, ¶¶ 9, 10.)

Mot. at ¶ 9).) Cooper claims that Trooper Zema, therefore, conspired with ADA Linardo "to convey to the courts Trooper Zema's fear that Cooper's violation would soon expire, allowing Cooper to post the original $100,000 [bail] and obtain pretrial release."[3] (*Id.*) According to Cooper, ADA Linardo requested that bail be set "to a high monetary amount . . . $500,000 monetary bail with a Nebbia condition" because Trooper Zema feared that Cooper would be able to post the $100,000 bail. (*Id.* at 11 (citing Mot. at ¶ 12) (alteration in original).)

Cooper also claims that on June 3, 2026, while the Commonwealth's Motion was pending, Cooper spoke with his mother who informed him that a bail bondsman attempted to post bail, "but was persuaded otherwise, via manipulation, by a Lancaster County Court Clerk" who stated to the bondsman "you just came up on a free $3,500 because the bail is going to be raised to $500,000." (*Id.*) Cooper contends that the clerk's comments "operated as a deterrence or intimidation" and resulted in the bondsman deciding not to post the original $100,000 bail "out of fear of a bail increase." (*Id.*)

On June 8, 2026, bail was modified and increased to $500,000 with a Nebbia condition, by Judge Dennis E. Reinaker, "with ADA Linardo, Cooper, and Cooper's counsel in attendance." (*Id.*) Cooper contends that Trooper Zema, the Court Clerk, ADA Linardo, and Judge Reinaker conspired to violated Cooper's Eighth Amendment rights by imposing an excessive bail because Cooper's parole violation was set to expire, and that the Court Clerk interfered with the bondsman posting the original bail. (*Id.*) Cooper further asserts that the "flight risk" was known when the original bail was set and "only the fact that Cooper's parole violation was about to expire" was the basis for the bail modification motion. (*Id.*) He also avers that Defendants "used the legal process of modifying bail as a tactical weapon to increase .

[3] Cooper states that his parole expired on May 27, 2026. (Compl. at 10.)

. . bail merely out of fear that Cooper's parole would soon expire . . . which is not the legitimate object of the process when deciding bail." (*Id.* at 12 (quotation marks and citations omitted).)

## II. STANDARD OF REVIEW

The Court will grant Cooper leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

As Cooper is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer

---

[4] Since Cooper is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation marks and citations omitted). Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III. DISCUSSION

Cooper asserts that Defendants conspired to violate his Eighth Amendment right to be free from excessive bail, under 42 U.S.C. § 1983. It is possible he also seeks to assert a state law abuse of process claim. Even upon a liberal reading of the Complaint, however, Cooper has failed to allege a plausible basis for a claim against any named Defendant.

### A. Federal Law Claims

To state a claim under § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Cooper checked the boxes on the form complaint to indicate that Defendants are sued in their individual capacities. (Compl. at 2-3.) He seeks monetary damages and injunctive relief. (*Id.* at 5.) Cooper specifically requests punitive damages from Trooper Zema and the unnamed

Court Clerk and injunctive relief from Judge Reinaker. (*Id.* at 13, 14.) Cooper does not indicate the relief sought from ADA Linardo. (*See id.*) In any event, Cooper may not proceed on his claims.

**1. Claims Against Trooper Zema**

The Eighth Amendment, as applied to the states through the Fourteenth Amendment, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *Timbs v. Indiana*, 586 U.S. 146, 150 (2019). A violation of the excessive bail clause "can occur if bail was set 'to achieve invalid interests,' or if bail is set at 'an amount that is excessive in relation to the valid interests [that the government] seeks to achieve.'" *Hall v. Nisbet*, No. 24-2700, 2025 WL 1482984, at *2 (3d Cir. May 23, 2025) (*per curiam*) (citing *Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007)). "[I]n Pennsylvania, the district justice[s], not the police officers, set bail," *James v. York Cty. Police Dep't*, 160 F. App'x 126, 133 (3d Cir. 2005) (*per curiam*) (citing Pa. R. Crim. P. 120). Although authority to set bail is not the only factor in determining whether Cooper has alleged a plausible excessive bail claim against Trooper Zema, *see id.*, Cooper has not alleged a plausible Eighth Amendment claim. His allegation that Trooper Zema's statement was offered "out of fear that Cooper's parole would soon expire," (*see* Compl. at 12), even accepted as true, does not plausibly allege the type of manipulation of a bail decision that constitutes an Eighth Amendment violation, *see id.* (finding that district court properly granted summary judgment in favor of police officer defendants who were alleged to have given false testimony to influence the bail determination "and otherwise played a significant role" in setting the bail amount, because police involvement nonetheless did not "manipulate" or "help to shape" or "exercise significant influence over" the bail decision); *see also Hall*, 2025 WL 1482984, at *2 (affirming

dismissal of excessive bail claim against police officers who were alleged to have presented perjured statements that caused bail to be set at an excessive amount because plaintiff did not plausibly allege that any police defendant manipulated or exercised significant influence over his bail determination (citation omitted)); *Sheffer v. Centre County*, 2019 WL 2621836, at *11 (M.D. Pa. May 23, 2019) (dismissing Eighth Amendment excessive bail claim because "at a minimum the plaintiff must allege that the defendant manipulated the bond decision"), *report and recommendation adopted*, 2019 WL 2612727 (M.D. Pa. June 26, 2019), *aff'd*, 818 F. App'x 160 (3d Cir. 2020). Accordingly, Cooper's Eighth Amendment excessive bail claim against Trooper Zema will be dismissed.

### 2. Claims Against Judge Reinaker

It appears that Cooper seeks only injunctive relief against Judge Reinaker. But to the extent that the Complaint could be construed as requesting damages from this Defendant, such claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (*per curiam*)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1991). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural

errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted); *see also Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or ex parte are not stripped of their judicial immunity."). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Azubuko*, 443 F.3d at 303 (quoting *Stump*, 435 U.S. at 356-57). "Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because Cooper's allegations concerning Judge Reinaker are based on acts he took in his judicial capacity while presiding over a matter over which he had jurisdiction, *i.e.*, bail proceedings in a state-court criminal prosecution, Judge Reinaker is entitled to absolute immunity from Cooper's claims to the extent he requests damages. *See Sheffer v. Centre County*, 818 F. App'x 160, 162 (3d Cir. 2020) (*per curiam*) (affirming finding that bail-related decisions of which [plaintiff] complained were judicial—not legislative or administrative—actions); *Youst v. Lancaster City Bureau Police Dep't*, No. 20-3287, 2020 WL 6562073, at *3-4 (E.D. Pa. Nov. 9, 2020) (finding magisterial district judge was entitled to absolute immunity on claims based on "judicial determinations she made and an order she entered in the course of [the plaintiff's] criminal arraignment and [in] setting his bail").

As to the request for injunctive relief, Cooper asks the Court to either direct Judge Reinaker to reinstate Cooper's original bail at $100,000, or to direct Judge Reinaker to vacate the $500,000 bail modification order and conduct a new bail hearing. (Compl. at 14.) This claim is barred for several reasons. Although the doctrine of judicial immunity provides that a judge is

not liable for monetary damages for acts performed in the exercise of his judicial functions, the Supreme Court in 1984 held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Nonetheless, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko*, 443 F.3d at 303-04 (quoting 42 U.S.C. § 1983); *id.* (citing, *inter alia*, *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (explaining that the amendment applies to both state and federal judges). Because Judge Reinaker was acting in his judicial capacity in setting Cooper's bail, and Cooper has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, Cooper's claim for injunctive relief will be dismissed.[5] *See id.* at 304 (holding that "[b]ecause Azubuko has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Azubuko does not address the actions of [the judge] other than in his judicial capacity,

[5] It bears noting that "even before the 1996 amendments to § 1983 . . . a plaintiff seeking injunctive relief against a judge in the judge's individual capacity still had to demonstrate that there was no 'adequate remedy at law, rendering equitable relief inappropriate.'" *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 662 (E.D. Pa. 2014) (citing *Pulliam*, 466 U.S. at 542)), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). "Such adequate remedies includes appellate review." *Id.* (citing *Pulliam*, 466 U.S. at 543 n.22); *see also Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) (*per curiam*) (affirming denial of injunctive relief because, *inter alia*, "the prior judicial decisions that Martinez complains about either were or could have been the subject of appellate review." (citing *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 531 n.6 (D.C. Cir. 2006) ("The general rule is that injunctive relief will not issue when an adequate remedy at law exists.")). In Pennsylvania, state court judges have the authority to modify an existing bail order. *See* Pa. R. Crim. P. 529. Such orders are subject to appellate review. *See* Pa. R. A. P. 1610 & 1762; *see also Commonwealth v. Younger*, 2026 WL 1730980 (Pa. Super. Ct. 2026) (discussing appellate review of bail determination). In other words, Cooper had an available remedy to challenge the bail modification in state court, additionally rendering inappropriate his request in this Court for equitable relief.

Azubuko's claim for injunctive relief is barred"); *see also Allen v. DeBello*, 861 F.3d 433, 439-42 (3d Cir. 2017) (explaining the impropriety of declaratory or injunctive relief in a § 1983 suit against a state court judge where the judge acts in an adjudicatory capacity); *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) (stating that § 1983 was amended by the Federal Courts Improvement Act of 1996, 110 Stat. 3847 (1996), to bar claims under § 1983 for injunctive relief against judicial officers acting in their judicial capacity); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-99 (3d Cir. 2000) (discussing the impropriety of § 1983 suits against a judge where a judge acts as an adjudicator).

Moreover, Cooper's request for injunctive relief, to the extent brought against Judge Reinaker in his official capacity,[6] is barred by the Eleventh Amendment's grant of sovereign immunity. Although Cooper did not check the box to indicate that Judge Reinaker is sued in his official capacity, (*see* Compl. at 3), he invokes the doctrine of *Ex parte Young* in support of his request for injunctive relief against Judge Reinaker, (*see* Compl. at 14). *In Ex parte Young*, the United States Supreme Court carved out a narrow exception to Eleventh Amendment immunity. 209 U.S. 123, 155-56 (1908). "Under the *Ex parte Young* exception, Eleventh Amendment immunity gives way so that a state official may, under certain conditions, be sued in federal court in his or her official capacity by a citizen of another state for injunctive or declaratory relief." *Merritts v. Richards*, 62 F.4th 764, 771 (3d Cir. 2023) (citations omitted). However, the doctrine is inapplicable in the case at bar because it "does not normally permit federal courts to issue injunctions against state-court judges or clerks. Usually, those individuals do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Whole*

[6] "Official capacity claims are indistinguishable from claims against the governmental entity that employs" the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

*Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). "If a state court errs in its rulings . . . the traditional remedy has been some form of appeal, including to [the United States Supreme Court], not the entry of an *ex ante* injunction preventing the state court from hearing cases." *Id.* "As *Ex parte Young* put it, an injunction against a state court or its machinery would be a violation of the whole scheme of our Government." *Id.* (citation modified) (quoting *Ex parte Young*, 209 U.S. at 163).[7]

Judge Reinaker, who is alleged to have conducted the bail hearing on June 5, 2026, (*see* Compl. at 23), as a state court judge, is part of the unified state judicial system and entitled to Eleventh Amendment immunity in his official capacity. *See Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005); *Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial system subject to the control of the Pennsylvania Supreme Court); *see also Scarbo v. Royal Athena*, No. 25-2250, 2025 WL 3460933, at *2 (3d Cir. Dec. 2, 2025) (*per curiam*) (affirming finding that state court judge "in her official capacity . . . is entitled to immunity under the Eleventh Amendment" (citing *Benn*, 426 F.3d at 240-41)). Thus, to the extent that Cooper seeks an injunction to modify the bail determination, sovereign immunity bars such request against Judge Reinaker in his official capacity. The dismissal of the official capacity claim against Judge Reinaker seeking injunctive relief will be without prejudice for lack of subject matter jurisdiction. *See Jamison v. Morgan*, No. 26-1219, 2026 WL 2124359, at *2 (3d Cir. July

[7] Additionally, for the *Ex parte Young* exception to apply, there must be both an ongoing violation of federal law and a request for relief that can be properly characterized as prospective. *Merritts*, 62 F.4th at 771-72 (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "The lingering effects of [a] discrete past action do not convert it into an ongoing violation." *Id.* at 772. Further, "[b]y seeking an injunction to cure past injuries . . . [a plaintiff] asks for a reparative injunction . . . [which] cannot be fairly characterized as prospective." *Id.*

23, 2026) (affirming dismissal of constitutional claims for damages and retrospective declaratory and injunctive relief against state court judge in her official capacity based on sovereign immunity (citing *Merritts*, 62 F.4th at 772)).

**3. Claims Against Unknown Lancaster County Court Clerk**

The Court understands Cooper to attempt to bring the § 1983 excessive bail claim against the unknown Lancaster County Court Clerk. However, Cooper's allegations against the court clerk involve the clerk's role in the bail bond process, not in making the bail determination. He alleges that "MDJ Commins" set bail at $100,000 on June 1, 2026. (*See* Compl. at 10.) It appears that the Commonwealth's motion that sought to increase the bail assessment was filed that day as well. (*See id.* at 17, 20.) Cooper alleges that he spoke with his mother on June 3 and was told at that time that the clerk had spoken with a bail bondsman, James Fabie, and told Fabie, "you just came up on a free $3,500 because the bail is going to be raised to $500,000." (*Id.* at 11.) Cooper alleges that the clerk's comments "operated as a deterrence or intimidation," resulting in the bail bondsman deciding not to post bail. (*Id.*) Cooper does not allege that the clerk was involved in the bail determination, which would be the basis for an Eighth Amendment excessive bail claim. Indeed, the Pennsylvania Rules of Criminal Procedure provide that an existing bail order is modified by a judge of the Court of Common Pleas. *See* Pa. R. Crim. P. 529(c). Thus, Cooper has not alleged a plausible basis for an Eighth Amendment excessive bail claim against the unnamed Lancaster County Court Clerk.

Further, to the extent that Cooper seeks to present a § 1983 claim against the unnamed clerk for his or her role in the bail bond process, Cooper does not allege any facts showing that the court clerk was acting in a role other than his or her position as a Lancaster County court clerk when interacting with the bail bondsman. Courts have held that clerks of court and clerk's

office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See Elkabany v. Shapiro*, No. 25-3510, 2026 WL 1746956, at *2 (3d Cir. June 17, 2026) (*per curiam*) (affirming dismissal of claims against the "Salem County Court Staff" and other "unnamed" court personnel involved in plaintiff's divorce proceedings as barred by quasi-judicial immunity (citing *Gallas*, 211 F.3d at 772-73)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 928 (3d Cir. 2020) (*per curiam*) (affirming dismissal of claims against Clerk of the Superior Court who signed facially valid writs of execution and possession related to the foreclosure of property because clerk was entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk of the Superior Court); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity."); *see also Harris v. Cashman*, No. 20-528, 2021 WL 602679, at *5 (W.D. Pa. Feb. 16, 2021) ("The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." (quoting *Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009))). Here, the unnamed court clerk is entitled to quasi-judicial immunity for acts taken in a court-appointed role and is immune from claims regarding the processing of bail bonds. *See, e.g.*, *Youst v. Roth*, No. 23-0848, 2023 WL 3821813, at *11 (E.D. Pa. June 5, 2023) ("The Complaint makes clear, however, that [the Clerk of Court] was performing activities that are integrally related to the judicial process as she was required to do under Pennsylvania law, and her immunity is not rendered a nullity even if she made a mistake or improperly discharged those duties." (citations

omitted)). Accordingly, the claims against the unknown court clerk will be dismissed with prejudice.

**4. Claims Against ADA Linardo**

Cooper seeks to present constitutional claims against Defendant Linardo, an Assistant District Attorney in Lancaster County, based on actions taken by Linardo in the bail proceeding. (*See* Compl. at 3.) It is well settled that prosecutors are entitled to absolute immunity from liability for damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006). Absolute immunity extends to the decision to initiate a prosecution, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," presenting a state's case at trial, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (internal citations omitted). An ADA's participation in pre-trial arraignment and bail proceedings also falls within the scope of his prosecutorial duties. *Sheffer*, 818 F. App'x 160 at 162 (citing, *inter alia*, *Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006) (holding that "absolute prosecutorial immunity protects a prosecutor for advocacy in connection with a bail application")). Because Cooper's claims against Linardo are based upon his actions as a prosecutor representing the Commonwealth in the judicial phase of Cooper's state criminal proceedings, Linardo is entitled to absolute immunity and the claims against him will be dismissed with prejudice.

**5. Conspiracy**

Cooper characterizes his excessive bail claims as based in conspiracy. (*See generally* Compl. at 8-12.) "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018) (quotation marks and citation omitted). "This requires that the state actors took 'concerted action' based on an 'agreement' to deprive the plaintiff of his constitutional rights, and that there was an actual underlying constitutional violation of the plaintiff's rights." *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (citing *Jutrowski*, 904 F.3d at 295)). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556; *see also Cromwell v. Fichter*, No. 22-3169, 2023 WL 3734969, at *1 (3d Cir. May 31, 2023) (*per curiam*) (affirming dismissal where plaintiff presented no factual allegations to support a conspiracy claim). Cooper has presented no factual allegations to support a conspiracy claim, and he has not alleged a plausible basis for an underlying constitutional violation. Accordingly, these claims also will be dismissed.

**B. State Law Claims**

It is possible that Cooper seeks to present a state law abuse of process claim against the Defendants. Because the Court has dismissed Cooper's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Cooper has not met his burden. Cooper does not allege the citizenship of the parties. Rather, he provides only the address of Lancaster County Prison for himself and is suing a Pennsylvania state trooper, a Pennsylvania state court judge, an employee of the Lancaster County Court of Common Pleas, and an Assistant District Attorney for Lancaster County. This suggests that complete diversity is lacking. Accordingly, Cooper has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue and all state law claims will be dismissed for lack of subject matter jurisdiction. The dismissal will be without prejudice to Cooper refiling his state law claims in

state court, where federal jurisdiction will not be an issue, if he chooses to do so.[8] *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).

## IV. CONCLUSION

The Court will grant Cooper leave to proceed *in forma pauperis* and dismiss the Complaint as follows: all § 1983 claims against Trooper Zema and the unknown Lancaster County Court Clerk will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim; all § 1983 claims against Judge Reinaker in his individual capacity also will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(iii); all § 1983 claims against Judge Reinaker in his official capacity will be dismissed without prejudice for lack of subject matter jurisdiction; and all § 1983 claims against ADA Linardo will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). All state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Under the circumstances of this case, leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate Order regarding dismissal follows, which shall be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**



**HON. MIA R. PEREZ**

[8] The Court expresses no opinion on the merits of any state law claims.