**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAHJAIR AMIK COOPER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5558** |
| | : | |
| **TROOPER EDWARD ZEMA, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 5th day of October, 2026, upon consideration of Nahjair Amik Cooper's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 2), and *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Nahjair Amik Cooper, #20200000931, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Cooper's inmate account; or (b) the average monthly balance in Cooper's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Cooper's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Cooper's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Lancaster County Prison.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the accompanying Memorandum, Cooper's Complaint is dismissed as follows:

   a. All § 1983 claims against Trooper Edward Zema and the unknown Lancaster County Court Clerk are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

   b. All § 1983 claims against Judge Dennis E. Reinaker in his individual capacity are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

   c. All § 1983 claims against Judge Dennis E. Reinaker in his official capacity are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

   d. All § 1983 claims against ADA Kyle Edward Linardo are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

   e. All state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

**HON. MIA R. PEREZ**